No. 2476.

### JOHN H. FOWLER *v.* THE STATE.

CARRYING A PISTOL—CONTINUANCE—NEW TRIAL.—See the statement of the case for the substance of evidence set forth in an application for rehearing, which, in view of the refusal of the continuance and of the evidence adduced upon the trial, demanded of the trial court the award of a new trial.

APPEAL from District Court of Tyler. Tried below before the Hon. W. H. Ford.

The conviction in this case was for unlawfully carrying a pistol, and the penalty assessed was a fine of twenty-five dollars and imprisonment in the county jail for the period of twenty days.

The main witness for the State testified that he was present in Colmesnil, in Tyler county, Texas, on the afternoon of December 5, 1887, when the defendant and one Barnes had a difficulty. During the progress of that difficulty, the defendant brushed his coat skirts aside and threw his right hand behind him as if to draw a weapon. At that time the witness saw a belt buckled around the defendant's body, to which a scabbard containing a pistol was attached. Witness plainly saw the handle and cylinder of a pistol, but did not see the barrel.

Two other State's witnesses testified that they were present at the difficulty between defendant and Barnes, and saw the threatening movement of defendant's hand. They saw the belt around his body and the lower end of a yellow leather scabbard, but saw no pistol. Neither of the witnesses saw J. T. Gullahorn at that time, but saw him in the crowd soon afterwards.

J. H. Colton testified, for the defense, that he was with the defendant at the time testified about by the witnesses for the State. He then saw the belt and scabbard, but saw no pistol. He was with defendant during his stay in Colmesnil on that day, and saw no pistol about him. He went with defendant, on that day, from Rockland, where defendant lived and had a saloon, to Colmesnil. Just before starting to Colmesnil, the defendant, in his saloon, removed a pistol from a scabbard and deposited it in the saloon. He then buckled the belt and empty scabbard around his body, and said that he was going to take them to Mr. Kirkwood, at Colmesnil, and he had them on when he started to Colmesnil. Witness returned to Rockland with defendant on the day after the latter's difficulty with Barnes. Defendant did not take the belt and scabbard back with him. Witness did not see Gullahorn during the difficulty between defendant and Barnes, but saw him when he joined the crowd immediately afterwards.

Charley Freeman testified, for the defense, that the defendant, when he left Rockland for Colmesnil, on December 5, 1887, left witness in charge of his saloon. Just before he started, defendant put on Henry Kirkwood's belt and pistol scabbard, saying that he was going to take them to Kirkwood, at Colmesnil. He

had no pistol on his person when he left the saloon to board the train. He did not bring the belt and scabbard back to Rockland when he returned on the next day.

In his motion for continuance, the defendant set out that, if awarded a continuance, he would prove by J. T. Fowler that he (J. T. Fowler) was present in the saloon in Rockland when defendant put on a belt and scabbard, and that there was then no pistol in the scabbard; that he then went with defendant to Colmesnil, and was with him throughout the day, and that the defendant had no pistol on his person at any time during the day. Defendant expected to prove by the absent witness Gullahorn that he (the witness) was with the defendant at the time of the difficulty with Barnes; that the scabbard was then empty; that defendant had no pistol on his person, and that defendant afterwards gave him (Gullahorn) the belt and empty scabbard, to give them to Kirkwood.

No brief on file for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Defendant's application for a continuance complied strictly with the requirements of the statute. The absent testimony was material, and, in view of the testimony adduced on the trial, was probably true. We are of the opinion that the court erred, in the first instance, in refusing defendant's application for a continuance, and, secondly, in refusing to grant him a new trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*